IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02552

WANDA HARTGRAVES,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AFFIRMING THE ADMINISTRATIVE LAW JUDGE**
_____

This matter comes before the Court on plaintiff Wanda Hartgraves' complaint [Docket No. 1], filed on November 21, 2008. Plaintiff seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") finding that she must repay $22,815.40 in overpaid Social Security disability benefits. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

In 1995, plaintiff applied for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33, R. at 41, and was ultimately found disabled by the agency. R at 184. In 1997, plaintiff began working again and reported her income and expenses to the Social Security Administration ("SSA"). The SSA continued to pay her benefits. Nonetheless, in August 1999, the SSA informed plaintiff that it appeared that she was not entitled to payments as of April 1998. R. at 194. Still, plaintiff continued to

receive benefit payments through September, 1999.  The SSA ultimately assessed overpayment in the amount of $22,815.40.[1]

On February 20, 2000, plaintiff applied for a waiver of the overpayment, claiming that her income had been spent on medications.  R. at 213-20.  Her application was denied.  R. at 234-36.  Plaintiff requested review by an Administrative Law Judge ("ALJ"), and a hearing was held on March 20, 2001.  R. at 421.  After the hearing, plaintiff submitted additional evidence related to her medical expenses and the ALJ issued a decision on August 31, 2001, denying plaintiff's request for a waiver.  R. at 412-17.  This decision only considered plaintiff's prescription drug costs in deciding whether plaintiff's impairment-related work expenses ("IRWEs") offset her earnings.  *Id.*

Plaintiff requested review and, on March 3, 2003, the SSA Appeals Council remanded her case to the ALJ, directing him to consider other IRWEs alleged by plaintiff, including home health care costs, transportation to and from treatment, glasses, eye exams, and a computer.  R. at 427-30.  The Appeals Council directed the ALJ to question plaintiff regarding her alleged expenses and determine how they were directly related to enabling her to work despite her impairments.  R. at 430.  On remand, the ALJ held a second hearing and allowed plaintiff to submit additional evidence related to her IRWEs.  R. at 520.  On April 21, 2004, the ALJ again denied plaintiff's request for a waiver, finding that several of the IRWEs alleged by plaintiff were not sufficiently work-related.  R. at 520-29.

---

[1] The administrative record does not include the SSA's overpayment notice; however, its content and the fact that plaintiff received it are not in dispute.  *See* Docket No. 9 at 4; Docket No. 11 at 6.

Plaintiff again requested review and the Appeals Council ordered a second remand to a new ALJ. R. at 579-82. The Appeals Council approved the ALJ's computation of plaintiff's income and IRWEs for several months at issue, but directed the ALJ to complete this calculation for an additional month. R. at 580. The Appeals Council also directed the ALJ to consider the credibility of plaintiff's statement that she received information from the SSA advising her that she was not overpaying and to consider whether plaintiff's medical impairment had an impact on plaintiff's understanding and ability to comply with her responsibility to report her earnings. R. at 580-81. On July 18, 2006, a new ALJ held a third hearing and, on October 6, 2006, the ALJ issued a third decision denying plaintiff's request for a waiver. R. at 24-35. Plaintiff again requested review and, on September 24, 2008, the Appeals Council denied that request. R. at 7. Therefore, the ALJ's denial stands as the Commissioner's final decision on this matter. Plaintiff filed a timely appeal with this Court, making the Commissioner's final decision reviewable. *See* 42 U.S.C. § 405(g) (2006); *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## II. ANALYSIS

### A. Standard of Review

The decision of the ALJ must be upheld if the ALJ applied the correct legal standard and the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the Court may have reached a different result based on the record; the question instead is whether there is substantial evidence

showing that the ALJ was justified in his decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).  Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Flaherty*, 515 F.3d at 1070.  Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

According to the social security regulations, disability recipients who return to work first enter a "trial work period" during which they may "test [their] ability to work and still be considered disabled."  20 C.F.R. § 404.1592.  After this period expires, the recipient enters the "reentitlement period," during which a recipient who engages in "substantial gainful activity" is no longer entitled to receive disability payments.  20 C.F.R. § 404.1592a.  The regulations define "substantial gainful activity" as including work for which the recipient is paid a certain amount per month.  20 C.F.R. § 404.1574.  Between 1990 and 1999, the regulations defined income at or above $500 per month to be substantial gainful activity.  *Id.*  However, in determining a recipient's earnings, gross income is reduced by "impairment-related work expenses" ("IRWEs").  20 C.F.R.

4

§ 404.1576. The regulation specifies that IRWEs are only items which "the severity of [the recipient's] impairment(s) requires [him or her] to purchase . . . in order to work." 20 C.F.R. § 404.1576(b)(2).

When the Commissioner determines that an individual has been overpaid disability benefits, the Commissioner "shall require such overpaid person or his estate to refund the amount in excess of the correct amount." 42 U.S.C. § 404(a)(1)(A). But, "there shall be no adjustment or recovery in any case where an overpayment under title II has been made to an individual who is without fault if adjustment or recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience." 20 C.F.R. § 404.506. The social security regulations explain that "[i]n determining whether an individual is at fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational or linguistic limitations . . . the individual has." 20 C.F.R. § 404.507. An individual is at fault if the overpayment resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
(b) Failure to furnish information which he knew or should have known to be material; or
(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

*Id.*

### B. The ALJ Decision

In his October 6, 2008 decision, the ALJ first noted that plaintiff did not contest that she had been overpaid. Therefore, the only issue before the ALJ was whether waiver of her overpayment was appropriate under the regulations. R. at 27-28. The

ALJ concluded that waiver was not appropriate because plaintiff was at fault for continuing to receive benefits "with the knowledge that her earnings exceeded substantial gainful levels and as such, received benefit payments she knew or should have known were incorrect."  R. at 34.

In reaching this conclusion, the ALJ considered plaintiff's testimony that she had visited the SSA District Office only once in 1997 and spoke to a woman named Kathy who informed her that she was not engaged in substantial gainful activity because her IRWEs sufficiently reduced her earnings.  R. at 29.  The ALJ also considered the testimony of Penni Nardi, an employee at the District Office, who testified that, if plaintiff had in fact visited the District Office in 1997, plaintiff would have likely received accurate information since both of the women named "Kathy" working at the District Office at that time were extensively trained on these issues and were very competent. R. at 29-31.  The ALJ found Ms. Nardi gave a "very credible" account of meeting with the claimant in March 2000, during which Ms. Nardi explained the overpayment to plaintiff.  R. at 31.  After considering plaintiff's educational background, her current work duties, and the depression and memory deficits suffered by plaintiff as a result of her Parkinson's disease, the ALJ found that "these problems were not of sufficient severity as to prevent [plaintiff] from fully understanding and comprehending the Social Security work and earnings criteria during the relevant time period."  R. at 32.  Therefore, the ALJ concluded that, because plaintiff was at fault in accepting the overpayment, it could not be waived.  R. at 34.

Given that the ALJ found that plaintiff was at fault, the ALJ was not required to address whether repayment would defeat the purposes of the Act.  *Id.*  Nonetheless,

the ALJ also concluded that requiring plaintiff to repay her overpayments would not be an undue financial hardship given that her income exceeded her monthly expenses.  *Id.*

### C.  Finding of Fault

Plaintiff does not dispute the Commissioner's finding that she was overpaid by $22,815.40; rather, she challenges the Commissioner's finding that she was at fault because she knew or could have been expected to know that she was not entitled to receive benefits after May 1998.  The Court has reviewed the administrative record and concludes that the ALJ's decision was supported by substantial evidence in the record.  *See Angel*, 329 F.3d at 1209.

The ALJ determined that plaintiff's educational background, her work duties, and the status of her mental impairments rendered her capable of understanding the applicable social security regulations such that she knew or should have known she was receiving benefits to which she was not entitled.  R. at 32.  Plaintiff argues that the ALJ misunderstood her capabilities because he based his findings on skills that she acquired before the onset of her Parkinson's, when her mental faculties were sharper.  *Id.* at 6.  The ALJ, however, specifically considered the statements of plaintiff's treating physicians during the relevant time period and concluded that the mental limitations resulting from her severe physical impairment would not prevent her from understanding the SSA regulations.  R. at 33-34.  Moreover, the ALJ noted that the plaintiff completed a computer course during the relevant period, which indicated her cognitive functioning was adequate.  R. at 34.  Therefore, the ALJ did not err in finding that, based on plaintiff's age, intelligence, education level, and physical and mental

condition, she knew or could have been expected to know that she was receiving overpayments.  *See* 20 C.F.R. § 404.507.

Plaintiff argues that, her mental faculties notwithstanding, she reasonably relied on the assurance of an SSA employee that she continued to qualify for benefits. Docket No. 9 at 6.  In assessing plaintiff's account, the ALJ received the testimony of Ms. Nardi, who indicated that plaintiff would have likely received accurate information concerning an overpayment in 1997.  The ALJ assigned Ms. Nardi's testimony greater weight than the plaintiff's testimony.  R. at 30.  Although plaintiff takes issue with this finding, "[i]t is well established that '[c]redibility determinations are peculiarly the province of the finder of fact.'"  *Jones v. Astrue*, 310 F. App'x 286, 289 (10th Cir. 2009) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).  Moreover, as the Appeals Council noted, even if plaintiff had been advised at one visit that she was not being overpaid, she should have known this was a month-to-month determination and that she could not reasonably rely on a one-time assessment of her income as offset by her IRWEs.  R. at 8.

Finally, even assuming the ALJ erred in finding the plaintiff was at fault, the ALJ alternatively found that repayment would not defeat the purposes of the Act.  Therefore, even if plaintiff was not at fault, she could still be required to pay back her overpayment. *See* R. at 34.  Repayment defeats the purposes of the Act where "the person from whom recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses."  20 C.F.R. § 404.508(b).  Although the prior ALJ determined that plaintiff's monthly expenses exceeded her income, R. at 529, the most recent ALJ decision found that

plaintiff's *current* monthly income exceeded her expenses. R. at 34. Plaintiff does not challenge this determination or demonstrate that it is not based on substantial evidence. Moreover, plaintiff does not argue that repayment would be against equity or good conscience. 20 C.F.R. § 404.506. Therefore, the ALJ did not err in determining that recovery of plaintiff's overpayment was not waived.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that the Commissioner's finding that the recovery of plaintiff's overpayment is not waived is based upon substantial evidence and represents a correct application of the law. As a result, the Commissioner's decision is AFFIRMED.

DATED December 30, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge